**Eddie S. HIMES, Plaintiff–Appellant,**

v.

**MESA COUNTY; State of Colorado; Rick Classen, Sheriff; Dr. Joshua Holmes; Sue Grimsby, Defendants–Appellees.**

No. 01–1018.

United States Court of Appeals, Tenth Circuit.

Oct. 10, 2001.

Before HENRY, STEPHEN H. ANDERSON, and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT *

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Eddie S. Himes, a Colorado state prisoner proceeding pro se, appeals from an order of the district court granting defendants' motions to dismiss or for summary judgment on the grounds that his claim was barred by the statute of limitations.[1] We affirm.

On March 16, 1996, Mr. Himes was held in the Mesa County jail as a pre-trial detainee. He alleged he was assaulted March 22, 1996, by another inmate who threw a plastic chair at him, seriously injuring his right shoulder. He saw a physician in the jail who prescribed pain medications. In August 1996, he was transferred to the Colorado Department of Corrections. In November 1998, Mr. Himes underwent arthroscopic surgery and repair of his shoulder.

Mr. Himes filed this action in March 2000, pursuant to 42 U.S.C. § 1983. He alleged he was subjected to cruel and unusual punishment due to defendants' failure to provide him with the proper treatment for his injury while he was at the jail.

The district court dismissed the action on the ground that Mr. Himes' claim was barred by the applicable statute of limitations. On appeal, Mr. Himes argues that the statute of limitations had not yet passed due to the fact that defendants'

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Plaintiff also alleged a conspiracy claim. He has abandoned that claim on appeal.

actions constituted a continuing violation. Thus, he claims the limitations period did not begin to run until his November 1998 surgery.

We review de novo the district court's dismissal of an action on statute of limitations grounds. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir.1994).

We have reviewed the parties' briefs on appeal and the record before this court in light of the applicable law. We AFFIRM the judgment of the United States District Court for the District of Colorado for substantially the reasons stated in the magistrate judge's recommendation of November 8, 2000, as approved by the district court.